# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Case No. 3:18-cv-197-RJC-DSC

| | |
|---|---|
| BRUCE RHYNE AND JANICE RHYNE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES STEEL | ) |
| CORPORATION et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Exxon Mobil Corporation's Partial Motion to Dismiss Plaintiffs' Fraudulent Concealment Claim" (document #53) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Exxon Mobil Corporation's Partial Motion to Dismiss Plaintiffs' Fraudulent Concealment Claim" (document #53) be <u>denied</u> as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint as true, Plaintiff Bruce Rhyne contracted Acute Myeloid Leukemia as a result of exposure to products containing benzene, including those manufactured by Defendant Exxon Mobil Corporation. No later than 1948, Defendant knew that benzene caused leukemia and failed to disclose that risk to its customers or the general public.

Defendant also made false statements minimizing the risk of exposure to benzene. Defendant's false statements and failure to disclose were willful and intended to deceive.

On April 17, 2018, Plaintiffs filed their Complaint alleging causes of action for negligence, gross negligence, breach of implied warranty, fraudulent concealment, and loss of consortium.

On July 5, 2018, Defendant filed its Motion to Dismiss Plaintiffs' fraudulent concealment claim, alleging that they failed to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

(citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The heightened pleading requirements of Rule 9(b) "provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation." McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 559 (4th Cir. 2013). "Specifically, Rule 9(b) requires the party alleging fraud to state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[I]n a case of fraudulent concealment or omission, a plaintiff must comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b)." Breeden v. Richmond Cmty. Coll., 171 F.R.D. 189, 195 (M.D.N.C. 1997).

> In order to state an actual claim of fraud under North Carolina law, plaintiff must allege the following essential elements: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. And, because this is a case of fraudulent concealment or nondisclosure, plaintiff must additionally allege that all or some of the defendants had a duty to disclose material information to him as silence is fraudulent only when there is a duty to speak.

Breeden, 171 F.R.D. 189 at 194 (internal quotations and citations omitted). In order to comply with the heightened pleading requirements of Rule 9(b) by showing that the defendant had a duty to speak, "a plaintiff usually will be required to allege the following with reasonable particularity: (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak, and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such reliance." Id. at 195-96 (internal quotations and citations omitted).

Applying those legal principles to the factual allegations here, Plaintiffs have met the heightened pleading standard for their fraudulent concealment claim. Plaintiff Bruce Rhyne was regularly exposed to Defendant's products containing benzene. Defendant had knowledge that benzene caused leukemia since at least 1948. Plaintiffs allege that Defendant knew the risks of benzene exposure and that training and protective equipment could reduce those risks. Defendant concealed that information and made affirmative misstatements about those risks. Defendant knew that its customers and the general public were unaware of the dangers from benzene and the need for safety precautions when using products containing benzene. Defendant knew that the issuance of warnings about benzene would be detrimental to its business interests.

The Court finds that at this stage in the proceedings, Plaintiffs have adequately pled that Defendant knew that it was creating a risk of harm to its customers and the general public and intentionally concealed that risk. For those reasons and the other reasons stated in Plaintiffs' brief, the undersigned respectfully recommends that "Exxon Mobil Corporation's Partial Motion to Dismiss Plaintiffs' Fraudulent Concealment Claim" (document #53) be denied.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Exxon Mobil Corporation's Partial Motion to Dismiss Plaintiffs' Fraudulent Concealment Claim" (document #53) be **DENIED**.

### IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: August 20, 2018

David S. Cayer
United States Magistrate Judge