IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BRUCE RHYNE and JANICE RHYNE, ) | Case No.: 3:18-cv-00197-RJC-DSC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES STEEL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT UNITED STATES STEEL CORPORATION'S
MOTION TO EXCLUDE PLAINTIFFS' EXPERT STEVEN D. GORE, M.D.**

Defendant United States Steel Corporation ("U.S. Steel") submits this Motion to Exclude Plaintiffs' Expert Steven D. Gore, M.D. ("Dr. Gore"), and states as follows:

1. The Court should exclude the testimony and opinions of Dr. Gore in their entirety because they do not satisfy the standards for admissibility under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2. Specifically, Dr. Gore failed to perform a proper differential diagnosis to "rule out" known alternative risk factors for Acute Myeloid Leukemia ("AML") relevant to Mr. Rhyne's diagnosis. Under Rule 702 and *Daubert*, an expert must prove there are no alternative causes of the disease. Under the generally accepted methodology for determining whether a chemical caused a certain disease, an expert must rule out alternative causes of that disease by conducting a differential diagnosis. Here, Dr. Gore based his opinions on an incomplete set of Mr. Rhyne's available medical records. Dr. Gore also admitted in his deposition that other risk factors for the development of AML are radiation, obesity, and familial cancer, but his testimony confirms he did

not perform the steps needed to properly rule out these potentially causative risk factors despite knowing that Mr. Rhyne worked in nuclear power for 30 years, was obese for years leading up to his diagnosis, and had a sister who was also diagnosed with AML.

3. As an additional independent ground for excluding him, Dr. Gore's causation opinion that Mr. Rhyne experienced a level of benzene exposure sufficient to cause his AML is not based on admissible evidence. Dr. Gore's report dated October 1, 2017 referred to and relied on an expert report by Steven Petty. However, upon serving Dr. Gore's report on July 18, 2019, Plaintiffs did not serve any report by Mr. Petty (Plaintiffs later memorialized their withdrawal of Mr. Petty) or otherwise make Mr. Petty available for deposition. As a result, Dr. Gore should not be allowed to refer to, or rely on, Mr. Petty's report. Moreover, Dr. Gore did not amend or supplement his report to correct his misplaced reliance on Mr. Petty's report or disclose his reliance on another expert's report. But at his deposition, Dr. Gore revealed for the first time he was relying on another expert report, that of Robert Herrick, for a dose calculation. Because this nondisclosure of Dr. Gore's intent to rely on Dr. Herrick's report was neither substantially justified nor harmless under Federal Rule of Civil Procedure 37(c)(1), Dr. Gore should not be permitted to rely on Dr. Herrick's opinions. Moreover, Dr. Herrick's opinions are subject to a separate motion, which, if granted, would preclude Dr. Gore from relying on such opinions.

4. Moreover, even though Dr. Gore is not an industrial hygienist, his report attempts to "qualitatively" characterize Mr. Rhyne's exposure to benzene by stating that Mr. Rhyne's exposures were "regular and recurrent" and that, based on his own anecdotal experience, Dr. Gore would expect a quantitative calculation of Mr. Rhyne's to be "quite high." These speculative and unreliable guesses are insufficient under Rule 702. Indeed, Dr. Gore goes as far as to tout the "no safe level" exposure theory to bolster his specific causation opinion, when courts routinely exclude

experts that do this. Ultimately, Dr. Gore's causation opinion is not based on admissible evidence that Mr. Rhyne experienced a level of benzene exposure sufficient and necessary to cause his AML.

5. Finally, Dr. Gore opines that AML can develop decades after benzene exposure, an argument based upon his hypothesis that "stem" cells can be damaged by benzene, go into a quiescent state for decades, and then awaken to cause AML. But this hypothesis ignores epidemiological studies concluding that exposure more than 15 years prior to diagnosis have no impact in causing disease. Moreover, Dr. Gore's hypothesis is not the product of any recognizable—much less generally accepted—methodology that can be corroborated or tested. Indeed, Dr. Gore provide no analysis of scientific literature supporting his hypothesis. Therefore, Dr. Gore's opinions that exposures occurring more than 15 years before Mr. Rhyne's AML diagnosis should be stricken.

6. Pursuant to Local Rule 7.1(c), this Motion is supported by a Memorandum of Law that has been filed contemporaneously herewith as well as the following exhibits, which are attached hereto and referenced in the Memorandum of Law:

    a. November 4, 2019 Deposition Transcript of Dr. Steven Gore (attached hereto as Exhibit A);

    b. Plaintiffs' Original Complaint filed April 17, 2018 (attached hereto as Exhibit B);

    c. Medical Records pertaining to Plaintiff Bruce Rhyne (attached hereto as Exhibit C);

    d. July 13, 2017 Deposition Transcript of Plaintiff Bruce Rhyne (attached hereto as Exhibit D);

3

Case 3:18-cv-00197-RJC-DSC   Document 182   Filed 04/07/20   Page 3 of 5

e. October 1, 2017 Expert Report of Steven Gore (attached hereto as <u>Exhibit E</u>);

f. September 17, 2019 Expert Report of Plaintiffs' Expert Robert Herrick (attached hereto as <u>Exhibit F</u>);

g. Affidavit of John B. Masaitis, included as an exhibit to Rec. Doc. 140 filed with the court on November 29, 2019 (attached hereto as <u>Exhibit G</u>);

h. October 16, 2019 Expert Report of Defendants' Expert David Pyatt, Ph.D. (attached hereto as <u>Exhibit H</u>); and,

i. Declaration of David Pyatt, Ph.D. (attached hereto as <u>Exhibit I</u>).

7. With respect to the Declaration of Dr Pyatt, the articles referenced therein have been made available to Plaintiffs during discovery. U.S. Steel will provide any such articles to the Court if requested.

8. Pursuant to Local Rule 7.1(b), U.S. Steel has consulted with Plaintiffs, who do not consent to this Motion.

9. For the foregoing reasons, as well as those set forth in the accompanying Memorandum of Law, Defendants United States Steel Corporation respectfully requests that the Court grant this Motion and exclude the testimony and opinions of Plaintiffs' Expert Steven D. Gore, M.D. in their entirety.

Respectfully Submitted this 7th day of April, 2020.

By: */s/ Jonathan E. Schulz*
Jonathan E. Schulz (N.C. Bar No. 47285)
jschulz@bradley.com
Christopher C. Lam (N.C. Bar No. 28627)
clam@bradley.com

4

BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tyron Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6059
Facsimile: (704) 338-6099

Matthew Cairone
(Admitted *pro hac vice)*
THE CAIRONE LAW FIRM, PLLC
PMB 58
1900 Main Street, Suite 107
Cannonsburg, PA 15317-5861
mcc@caironelawfirm.com

Timothy Gray
(Admitted *pro hac vice*)
FORMAN WATKINS KRUTZ, LLP
201 St. Charles Avenue, Suite 2100
New Orleans, LA 70139
Tim.Gray@formanwatkins.com

*Attorneys for Defendant United States Steel Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, April 7, 2020, I filed the foregoing **DEFENDANTS UNITED STATES STEEL CORPORATION'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT STEVEN D. GORE, M.D.** with the Court using the CM/ECF system, which will serve all counsel of record.

        /s/ Jonathan E. Schulz
        Jonathan E. Schulz

*Attorney for United States Steel Corporation*