UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BRUCE RHYNE and JANICE RHYNE,<br><br>              Plaintiffs,<br><br>v.<br><br>UNITED STATES STEEL CORPORATION, et al.,<br><br>              Defendants. | Civil Action No.: 3:18-cv-00197 |

**SAFETY-KLEEN SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE IMPROPER REFERENCE TO AND EVIDENCE OF SUBSTANCES IN SAFETY-KLEEN'S SOLVENT OTHER THAN BENZENE**

Defendant SAFETY-KLEEN SYSTEMS, INC. ("Safety-Kleen") respectfully submits the following memorandum of law in support of its Motion *in limine* to exclude Plaintiffs from introducing argument or evidence to contend that substances in Safety-Kleen's 105 Solvent ("105 Solvent") other than benzene caused the development of Mr. Rhyne's acute myeloid leukemia ("AML").

    **I.**    **FACTUAL BACKGROUND**

Plaintiffs Bruce Rhyne and Janice Rhyne allege that Plaintiff Bruce Rhyne was exposed to benzene contained in a dozen different Defendants' products and ingredients from 1970 to 2015, and that these exposures caused Mr. Rhyne to develop AML. *See* ECF 1, Plaintiffs' Complaint ("Compl."), ¶¶ 19-22. While the Complaint identifies a number of compounds allegedly found in the products Mr. Rhyne allegedly used, *see id.*, ¶ 21, Plaintiffs' claims against Safety-Kleen are based on Mr. Rhyne's alleged exposure to benzene associated with Safety-Kleen's 105 Solvent ("105 Solvent"), in his high school auto maintenance class, at the Setzer Buick and Pontiac auto

1

dealership while in high school, and at various Duke Energy Corporation locations in North Carolina and South Carolina. *See, e.g., id.*, ¶ 29; Exhibit 1, Answers and Objections to Interrogatories of Defendant Safety-Kleen Company (sic) Addressed to Plaintiffs, Interrogatory Nos. 6, 18.

Plaintiffs' claims against Safety-Kleen are limited to benzene exposure arising from Mr. Rhyne's alleged use of 105 Solvent. *See id.*, ¶ 29; Exhibit 1, No. 18. Thus, the sole focus of this matter as to Safety-Kleen is the alleged presence of benzene in its 105 Solvent and the allegation that Mr. Rhyne's exposure to it caused his AML.

## II. ARGUMENT

A motion in limine should be granted where the evidence is irrelevant to the facts at issue. *See Dorman v. Annapolis OB-GYN Assocs., P.A.*, 781 F. App'x 136, 142 (4th Cir. 2019) (district court correctly excluded irrelevant evidence). Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Even relevant evidence, however, should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. This is particularly true where "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *See Woods-Jackman v. Greater Enrichment Program, Inc.*, No. 316CV00718GCMDSC, 2018 WL 296043, at *1 (W.D.N.C. Jan. 4, 2018) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)).

2

Safety-Kleen anticipates that Plaintiffs will argue that substances other than benzene caused Mr. Rhyne's AML or even attempt to introduce evidence of and argue that substances other than benzene in 105 Solvent are hazardous, carcinogenic, toxic, or are otherwise unsafe. Such argument would be patently improper: Plaintiffs have never alleged an association between any other substances in 105 Solvent and Mr. Rhyne's illness, and the alleged impact of any substance on Mr. Rhyne's AML other than benzene is simply not at issue. Plaintiffs' pleadings, interrogatory responses, and expert reports have consistently and repeatedly limited their allegations against Safety-Kleen to benzene in 105 Solvent. *See*, *e.g.*, ECF 1, ¶¶ 27, 29; Exhibit 1, Interrogatory Nos. 9, 23; Exhibit 2, Herrick Report at 24-6.

Specifically, Plaintiffs' Complaint alleges Safety-Kleen's 105 Solvent exposed Mr. Rhyne to benzene—and omits reference to any other substances. *See* ECF 1, ¶¶ 27, 29. Similarly, Plaintiffs' Interrogatory Responses constrain Plaintiffs' exposure allegations against Safety-Kleen to "benzene-containing" mineral spirits or 105 Solvent. *See* Exhibit 1, Interrogatory Nos. 9, 23. Further, Plaintiffs' experts opined only as to benzene with respect to Safety-Kleen. *See*, *e.g.*, Exhibit 2, Herrick Report at 24-6. Simply put, Plaintiffs' claims against Safety-Kleen are pertain to benzene; at trial they should not be allowed to argue that any other substance in 105 Solvent caused Mr. Rhyne's AML.

Indeed, under North Carolina law, a plaintiff alleging claims associated with toxic exposure to a specified substance must prove that specified substance caused the damages at issue by demonstrating levels of exposure that are hazardous, as well as plaintiff's actual level of exposure to that substance. *See Yates v. Ford Motor Co.*, 143 F. Supp. 3d 386, 389 (E.D.N.C. 2015) (carrying the burden of proving causation by exposure to a specified substance requires a showing of the levels that are hazardous to humans and plaintiff's actual level of exposure). While Safety-

3

Kleen's position is that Plaintiffs must establish exposure to mineral spirits caused Mr. Rhyne's AML, Plaintiffs' position is that because there are trace amounts of benzene in 105 Solvent, asserting exposure to benzene alone is sufficient to establish causation. By Plaintiffs' own logic, they are required by law to establish general and specific causation with regard to any substance they believe to be at issue. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624, 638-45 (4th Cir. 2018) (general and specific causation requires particular showings to a distinct substance). Even taking into account the Court's ruling that Plaintiffs may present their argument irrespective of the difference between mineral spirits and benzene, there is no basis for Plaintiffs to present evidence of exposure to substances other than benzene when seeking to prove causation. Plaintiffs' entire case is built upon the concept that benzene causes AML; by definition, that renders all other substances irrelevant on that issue, and reference to them in that respect is inadmissible. *See Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) ("Relevant evidence, of course, is evidence that helps the trier of fact to understand the evidence or to determine a fact in issue.") (internal quotations and citations omitted).

Any probative value of the evidence of the presence of or exposure to other substances that Plaintiffs could contend cause AML is clearly outweighed by its prejudicial effect. Introduction of evidence concerning these substances to show causation will risk the jury assuming the issue of non-benzene exposure as a cause of Mr. Rhyne's AML is before it, when in reality it is not. *See Forrest v. Beloit Corp.*, 424 F.3d 344, 360 (3d Cir. 2005) (excluding evidence under Rule 403 where jury inference would be based on false assumptions or unsupported speculation); *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1156 (E.D. Wash. 2009) (excluding plaintiff's expert for evaluating benzene in lieu of gasoline on the basis that "[t]his is a product's

liability action and Defendant's product is gasoline."); *Edwards v. Atro SpA*, 891 F. Supp. 1074, 1082 (E.D.N.C. 1995) (excluding evidence pertaining to unrelated products in products liability action); *see also Burst v. Shell Oil Co.*, No. CIV.A. 14-109, 2015 WL 3755953, at *9 (E.D. La. June 16, 2015), *aff'd*, 650 F. App'x 170 (5th Cir. 2016).

The irrelevancy of substances other than benzene as a potential cause of Mr. Rhyne's AML is not the only basis for excluding them. As it stands, this is a complex case that will require presentation of complicated, nuanced scientific concepts related to benzene, chemistry, epidemiology, hematology, oncology, and others. *See, e.g.,* Exhibit 2, Herrick Report; Exhibit 3, December 12, 2019 Report of Dr. Peter Shields; Exhibit 4, October 17, 2019 Report of John Spencer. If Plaintiffs are permitted to argue that something other than benzene in Safety-Kleen 105 Solvent may have caused Mr. Rhyne's AML, Safety-Kleen will be required to engage in extensive explanation at every stage of the proceedings that those substances are not, in fact, alleged to be at issue (and/or that they are safe), which will unnecessarily consume the Court's time and force Safety-Kleen to defend an aspect of this case that have never been placed in issue.

### III. CONCLUSION

For the foregoing reasons, Safety-Kleen respectfully requests that this Court enter an order: (1) barring Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from referencing or introducing evidence of compounds in Safety-Kleen's solvent other than benzene to contend they caused the development of Mr. Rhyne's AML; and (2) for such other and further relief as the Court deems just and proper.

Respectfully Submitted this 2nd day of September, 2020.

          By:  */s/ Eric G. Sauls*
                Eric G. Sauls
                Lewis Brisbois Bisgaard & Smith, LLP
                N.C. State Bar No. 38481
                4101 Lake Boone Trail, Suite 514
                Raleigh, North Carolina 27607-3977
                Telephone: (919) 821-4020
                Facsimile: (919) 829-0055
                Eric.Sauls@lewisbrisbois.com

and

Brian A. Bender (*pro hac vice*)
Peri A. Berger (*pro hac vice*)
Christopher C. Palermo (*pro hac vice*)
Judi A. Curry (*pro hac vice*)
Harris Beach PLLC
100 Wall Street
New York, NY 10005
Telephone: (212) 687-0100
bbender@harrisbeach.com
pberger@harrisbeach.com
cpalermo@harrisbeach.com
jcurry@harrisbeach.com
*Attorneys for Defendant Safety-Kleen Systems, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel has this date filed **SAFETY-KLEEN SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE IMPROPER REFERENCE TO AND EVIDENCE OF COMPOUNDS IN SAFETY-KLEEN'S SOLVENT OTHER THAN BENZENE** with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This the 2nd day of September, 2020.

By: */s/ Peri A. Berger*

PERI A. BERGER