BRUCE RHYNE & JANICE RHYNE )
)
      Plaintiffs, )
)
      v. )
) ORDER ON MOTIONS IN LIMINE
UNITED STATES STEEL )
CORPORATION, et al. )
)
      Defendants. )
)

**THIS MATTER** comes before the Court on a combination of Plaintiffs' and Defendants' motions in limine. (Doc. Nos. 281, 284, 286, 315, 317, 323, 329, 335, 347, 352, 354, 357, 361; 288, 290, 292, 294, 296, 299, 301, 303; and 321, respectively.) In the interests of providing the parties with the Court's rulings ahead of trial, the Court below lists the parties' relevant motions by docket number, all docket numbers associated with the motion, a summary of the request in the motion, and the Court's ruling on the motion.

## Plaintiffs' Motions in Limine

| Doc. Nos. | Request | Decision |
|---|---|---|
| 281<br>282<br>367<br>399 | Request: Defendants should be excluded from arguing/testifying that Bruce Rhyne was negligent in his use of Liquid Wrench based on the product's flammability. | **GRANTED** |
| 284<br>285 | Request: Defendants should be excluded from arguing/testifying that there was any radiation at the Duke site or that Bruce Rhyne had radiation exposure and worked at a nuclear power plant, and all evidence of radiation and nuclear power should be excluded. | **DENIED** |
| 286<br>287<br>390 | Request: Defendants should be precluded from arguing/testifying/introducing evidence about any payments to Plaintiffs from a | **GRANTED** |

1

| | | |
|---|---|---|
| | collateral source. (This motion is not intended to raise issues as to any post-verdict offsets.) | |
| 315<br>316<br>368<br>398 | Request: Plaintiffs should be allowed to introduce specific Mobil documents concerning the benzene content of Liquid Wrench as well as related testimonial excerpts on the same topic. | **GRANTED (Provided that Expert Relied on the Document)** |
| 317<br>318<br>379<br>381 | Request: Plaintiff asks that Defendants be precluded from introducing evidence or in any way arguing a list of points. (Parties have since reached agreement for many such requests.) The remaining unresolved requests ask that Defendants not be allowed to discuss: | |
| | • References as to financial status of Plaintiff or Plaintiff's witnesses (including debts, income, unemployment, or government assistance). | **(Reserve Ruling)** |
| | • Questioning whether Plaintiff's witnesses believe that Defense witnesses are honorable or credible. | **(Reserve Ruling)** |
| | • References to pleadings that have been superseded, including arguments about Plaintiff's prior dismissed claims. | **(Reserve Ruling)** |
| | • Evidence about Plaintiff's unrelated prior or subsequent claims. | **(Reserve Ruling)** |
| | • Insinuation that the claims are 'lawyer-made' claims or were generated by counsel. | **(Reserve Ruling)** |
| | • Suggestions of reduced damages based on conduct of non-parties. | **(Reserve Ruling)** |
| | • References to Rhyne having unrelated injuries, disease, or illness. | **DENIED** |
| | • Any apology or offer of condolences by Defendants. | **DENIED** |

| | | |
|---|---|---|
| 323<br>324<br>380 | Request: Defendant Savogran's 28th Affirmative Defense should be struck, and the jury should be prevented from hearing whether employer negligence joined and concurred with Defendants' negligence in producing any injury. | **(Reserve Ruling)** |
| 329<br>330<br>385 | Request: The Court should prevent Defendants from presenting evidence about workers' compensation claims and settlements. | **(Reserve Ruling)** |
| 335<br>336<br>370<br>389 | Request: Defendants should be precluded from introducing or making references to the Federal Hazardous Substances Act (FHSA). | **DENIED** |
| 347<br>348<br>386 | Request: Defendants should be precluded from introducing evidence of courts' prior exclusion of Plaintiff's expert witnesses. | **DENIED** |
| 352<br>353<br>378 | Request: The Court should allow certain paid medical expenses into evidence for the purposes of trial. | **GRANTED** |
| 354<br>355<br>377 | Request: The Court should preclude the report and all testimony by Defendants' expert witness Dominik Alexander as a 'net opinion' under Rule 702. | **DENIED** |
| 357<br>372 | Request: Plaintiff asks the Court to resolve admissibility issues as to certain exhibits prior to trial: | |
| | • PTE 104 | **ADMITTED CONDITIONALLY** |
| | • PTE 105 | **ADMITTED CONDITIONALLY** |
| | • PTE 106 | **ADMITTED CONDITIONALLY** |
| | • PTE 118 | **EXCLUDED (Except Impeachment)** |
| | • PTE 120 | **ADMITTED CONDITIONALLY** |
| | • PTE 125 | **ADMITTED CONDITIONALLY** |
| | • PTE 126 | **ADMITTED CONDITIONALLY** |
| | • PTE 127 | **ADMITTED CONDITIONALLY** |

3

|  |  |  |
|---|---|---|
|  | • PTE 212 | **ADMITTED CONDITIONALLY** |
|  | • PTE 220 | **ADMITTED CONDITIONALLY** |
|  | • PTE 116 | **ADMITTED CONDITIONALLY** |
|  | • PTE 117 | **ADMITTED CONDITIONALLY** |
|  | • PTE 217 | **ADMITTED CONDITIONALLY** |
|  | • PTE 128 | **ADMITTED CONDITIONALLY** |
|  | • PTE 129 | **ADMITTED CONDITIONALLY** |
|  | • PTE 130 | **ADMITTED CONDITIONALLY** |
|  | • PTE 131 | **ADMITTED CONDITIONALLY** |
|  | • PTE 132 | **ADMITTED CONDITIONALLY** |
|  | • PTE 133 | **ADMITTED CONDITIONALLY** |
|  | • PTE 246 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 247 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 248 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 249 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 250 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 251 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 252 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 253 | **ADMITTED (Limited to Punitive Damages)** |
|  | • PTE 254 | **ADMITTED (Limited to Punitive Damages)** |

|  | • PTE 255 | **ADMITTED (Limited to Punitive Damages)** |
|---|---|---|
| 361<br>362 | Request: Plaintiffs are asking to enter certain exhibits into evidence relating to Defendant Savogran. These exhibits are: | |
|  | • PTE 302 | **ADMITTED** |
|  | • PTE 304 | **ADMITTED** |
|  | • PTE 309 | **ADMITTED** |
|  | • PTE 349 | **ADMITTED** |
|  | • PTE 350 | **(Reserve Ruling)** |
|  | • PTE 316 | **(Reserve Ruling)** |
|  | • PTE 315 | **(Reserve Ruling)** |

## Defendant U.S. Steel's Motions in Limine

| Doc. Nos. | Request | Decision |
|---|---|---|
| 288<br>289<br>382 | Request: Plaintiffs should be precluded from introducing evidence/testimony about other toxic tort litigation involving any of the Defendants in this case, and from soliciting opinions from witnesses concerning those cases. | **GRANTED** |
| 290<br>291<br>375 | Request: The Court should exclude any of U.S. Steel's Material Safety Data Sheets ('MSDS') for benzene dated after April 1978 from evidence, as well as any testimony/statements/inferences about such MSDSs after such date. | **GRANTED** |
| 292<br>293<br>365<br>395 | Request: Plaintiffs should be precluded from introducing any evidence/testimony/argument that is contrary to Plaintiffs' prior judicial admissions before the Court of Common Pleas (PA) regarding the sophistication of Radiator Specialty Company and its knowledge about potential dangers of benzene and raffinate. | **DENIED** |
| 294<br>295<br>384 | Request: Defendant makes several requests regarding U.S. Steel's corporate library: that documents from this library be excluded as hearsay, that any such AML-related documents accompany a limiting instruction explaining that the documents only show that | **DENIED (Will Consider Limiting Instruction at Trial)** |

5

| | U.S. Steel had the documents in their possession, and that any non-AML-related documents be excluded as not relevant. | |
|---|---|---|
| 296<br>297<br>388 | Request: No parties should be able testify, argue, or reference this trial as being the first civil jury trial in the District during COVID, or discuss the decision to proceed to trial during the pandemic. | **GRANTED** |
| 299<br>300<br>364<br>393 | Request: The 'Motor Cleaning Document,' which discusses the potential hazards of solvents (including benzene) when cleaning industrial motors in steel mills, should be excluded from evidence. | **DENIED** |
| 301<br>302<br>376 | Request: The 'Mobil Document' and all references to it should be excluded from evidence, and if so, the deposition of Dr. Mehlan should also be excluded. | **DENIED**<br>**(If Relied Upon by Expert)** |
| 303<br>304<br>383<br>394 | Request: The 'Gary Steel Works' document, and testimony/statements/inferences regarding the document, should be excluded from evidence. | **DENIED** |

## **Defendant Savogran's Motion in Limine**

| Doc. Nos. | Request | Decision |
|---|---|---|
| 321<br>373 | Request: The Court should exclude certain past testimony from Mark Monique, president of Savogran. | **DENIED** |

**SO ORDERED.**

Signed: September 14, 2020

Robert J. Conrad, Jr.
United States District Judge

6

Case 3:18-cv-00197-RJC-DSC   Document 402   Filed 09/14/20   Page 6 of 6